■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY MURRAY, Appellant.—Judgment, Supreme Court, Bronx County, rendered on November 3, 1978, convicting defendant-appellant on his plea of guilty of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of from three years to life, is affirmed. On September 26, 1978, during pretrial proceedings defendant failed to appear at a scheduled court appearance. He neither personally informed the court nor his attorney as to the reasons for his voluntary absence. A third party, alleged to be one of defendant's co-workers, called and spoke to a uniformed court officer informing him that: "defendant was running around trying to get money or monies together so that his family could be more secured [sic] during his imprisonment." Apparently, defendant's employer, identified only as a landlord, owed him certain uncollected wages. Defendant failed to return to court that day and his absence continued for the next day's court session. When his family was confronted with the fact, they were astonished. However, defendant did appear after court recessed on September 27 and was immediately remanded. It is critical to note that at no time prior to defendant's absconding is there in the record any indication of a bargain being struck between the court and counsel as to the specifics of a negotiated plea. The record does, however, demonstrate that off-the-record discussions were had, but no accord reached. Only after defendant's voluntary return did the court indicate the nature of prior discussions. "THE COURT: Let the record indicate that this defendant, off the record, had through his attorney on the bench with the agreement of the District Attorney, had offered to plead to the first count of the indictment, criminal possession of a dangerous substance in the third degree, Class A three felony with the understanding that the District Attorney would recommend on the day of sentence a minimum of one year to a maximum of life. That, let also the record indicate that the Court stated he would consider it and if he would agree to it would state on the record that in the event that it would accept such a plea, that it would make one exception and the exception would be that if *anything happened* or the probation report indicated that this defendant should deserve a more severe punishment, then this defendant would be allowed to withdraw his plea and to proceed to trial immediately." (Italics supplied.) The court, therefore, was considering a conditional acceptance of the plea. However, since a substantial intervening impediment arose the court was not obligated to accept this plea. Counsel for defendant and the prosecutor both acknowledge that no binding agreement had been entered into prior to defendant's flight. "THE COURT: This defendant absconded during the selection of the jury. Now, prior to that this Court has no recollection, whatsoever, of any offer of plea. Was there, Mr. Fishman [prosecutor]? PROSECUTOR: Well, there were extensive discussions, your Honor. THE COURT: Discussions between you and counsel? PROSECUTOR: Yes, your Honor. THE COURT: Not binding upon this Court. PROSECUTOR: Certainly not, your Honor." The following colloquoy occurred between the court and defense counsel: "THE COURT: Mr. Gotkin [defense counsel], the fact that there has been an offer to you for the defendant by the District Attorney, doesn't mean that the Court was bound or accepted the offer. I mean, on the 27th,* this Court made sure that on the record the defendant took the plea

---

* The plea was entered into on September 29 and not the 27 as erroneously reported in the sentencing minutes.

contemplated on the basis of no unequivocal language that this Court would not consider the plea unless the defendant fully understood that the minimum to be considered by this Court would be three years. DEFENSE COUNSEL: There's no question about that, your Honor. * * * I'm just saying that on the 25th the understanding was, *if the defendant had plead* at that time— [italics supplied] * * * THE COURT: There was no plea. DEFENSE COUNSEL: There was no plea. Absolutely not". Thereafter, defendant was directed to proceed to trial. After the selection of a jury and the opening statement by the prosecution, defendant knowingly entered a plea with complete understanding that the minimum to be imposed would be three years. Once more the court attached a condition to the plea when it stated: "And again, I repeat with the exception that if the Court feels persuaded by the probation report that three years is not a sufficient minimum, the Court will give this defendant the opportunity to withdraw his plea and proceed to trial." Unequivocally, the record refutes any contention that the court entered a binding agreement as to a plea with a one-year minimum. The plea was finalized with complete understanding by all parties concerned that the only acceptable minimum term would be three years. In the pleading court defense counsel realized the folly of urging acceptance of a plea with the lesser minimum when he stated, "again, I concede to the Court that something in excess of * * * in excess of one year is indicated here because of what Mr. Murray did, your Honor." Lastly, it also should be noted that defendant is no novice to the criminal justice system, having been arrested on five previous occasions primarily for drug-related offenses. In an atmosphere of controlled reflection, where time is not a pressure, and expeditious decision rendering is not necessitated in each situation, we must not lose sight of whose trial is being reviewed. Our dissenting colleagues denounce defendant's failure to appear, but their recommendation is to the contrary. If followed, the modification of this sentence could conceivably license further flouting of court rules and directives, completely disrupting the judicial system. We can neither condone defendant's acts nor sustain our learned colleagues' inclinations. Concur—Kupferman, J. P., Ross and Silverman, JJ.

Sandler and Carro, JJ., dissent in a memorandum by Carro, J., as follows: We would modify to the extent of reducing the sentence from a minimum of three years to a minimum of one year with a maximum of life. During plea bargaining discussions, the District Attorney agreed to recommend and defense counsel agreed to accept a plea with a minimum term of one year as to this defendant and three years as to the codefendant. The court stated that it "would accept those recommendations provided that the probation report showed nothing that persuaded this court to consider a longer time of imprisonment. And in that case, both defendants would be given the opportunity to withdraw their pleas and proceed immediately to trial." The defendant had five previous arrests, primarily drug related, three of which had been dismissed and two of which, more than 10 years old, had resulted in misdemeanor convictions. When told that he would have to be remanded on entry of the plea, the defendant requested a postponement to obtain wages due him for the benefit of his family. The court wished to enter the plea immediately. The matter was postponed until lunchtime and then until the next morning. The court warned the defendant to be present. Defendant did not appear for two days, sending two messages to the effect that he was attempting to collect money due him for his family. In his absence, the court proceeded with the selection of the jury. The defendant voluntarily surrendered in the afternoon of the second day, when court was no longer in

session, and was remanded. He apologized to the court the next morning. When he sought to enter the plea, the court stated that the original plea offer would not be considered because of the defendant's "flagrant disregard of the court's instructions." "This court feels that because of the circumstances that have taken place, this court is not bound now to consider any offer of plea on the original terms [one year to life]. All right. Let's proceed to trial." After further plea negotiations, the court stated, "Any plea that is accepted here he will have to state on the record that he is voluntarily and I want that understood and I want it understood also that the court can take into consideration all the circumstances surrounding this case is not going to promise this defendant any acceptance of any recommendations of the District Attorney that is not contained a minimum of three to life and that's the only way that this court will consider any acceptance of any plea." The defendant then entered a plea with that understanding and subsequently was sentenced to the three-year minimum. The codefendant, a previous felon, who possessed the bulk of the heroin recovered, and whom this defendant appeared to be assisting, had received the same plea and sentence. We do not of course condone the defendant's failure to appear in defiance of the trial court's explicit direction, and we appreciate the court's anger at what occurred and the disruption caused. However, the record makes it clear that defendant received an additional sentence of two years, not on the basis of a full evaluation of his offense in terms of his background, but because of the court's anger at the two-day absence. We feel the imposition of what amounted to an additional year for each day of absence was not justified under all the circumstances.